MEMORANDUM **
Plaintiff James Hinkle, a Corrections Officer, appeals the district court’s summary judgment ruling in favor of Defendants (Hinkle’s supervisors) on his 42 U.S.C. § 1983 claim. We affirm.
“We review a grant of summary judgment de novo." Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008, 1013 (9th Cir.2009). 42 U.S.C. § 1983 provides a private right of action for any person who is deprived of his constitutional rights by a state official acting under color of law. As a general rule, however, the Constitution does not require a state official “to protect the life, liberty, and property of its citizens against invasion by private actors.” DeShaney v. Winnebago County Dep’t of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Under the “danger-creation” exception, however, a state official can be liable for injury caused by private actors if: (1) the state official “affirmatively place[d] [the plaintiff] in danger,” and (2) the state official “act[ed] with deliberate indifference to a known or obvious danger in subjecting the plaintiff to it.” Kennedy v. City of Ridgefield, 439 F.3d 1055, 1062 (9th Cir.2006) (internal quotation marks omitted). Here, Hinkle did not produce evidence that would allow a rational trier of fact to find that the Defendants affirmatively placed him in danger and acted with deliberate indifference to that danger. See id.; see also Johnson v. City of Seattle, 474 F.3d 634, 641 (9th Cir.2007).
Accordingly, we affirm the district court’s grant of summary judgment in favor of Defendants.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.